UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
:
WALTER ELAM, :
:
*Plaintiff*, :
: Civil Action No. 15-cv-07215 (CM)
v. :
:
CONCOURSE VILLAGE, INC., ANTHONY : **ANSWER TO PLAINTIFF'S AMENDED**
JAMES, *individually*, and LETICIA : **COMPLAINT**
BOWRY, *individually*, :
:
*Defendants*. :
---------------------------------------------------x

        Defendants Concourse Village, Inc. ("Concourse Village"), Anthony James ("James") and Leticia Bowry ("Bowry," and collectively with Concourse Village and James, "Defendants"), by their attorneys, Clifton Budd & DeMaria, LLP, answer the Amended Complaint ("Complaint") of Plaintiff Walter Elam ("Plaintiff" or "Elam") as follows:

## PRELIMINARY STATEMENT

    1.    Deny the allegations contained in paragraph 1 of the Amended Complaint.

## JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

    2.    Deny the allegations contained in paragraph 2 of the Amended Complaint, except admit that in a proper case, this Court has jurisdiction over claims brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

    3.    Deny the allegations contained in paragraph 3 of the Amended Complaint, except admit that in a proper case, this Court may exercise supplemental jurisdiction over claims

brought pursuant to the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

4. Deny the allegations contained in paragraph 4 of the Amended Complaint, except admit that venue is proper in the United States District Court for the Southern District of New York.

5. Deny the allegations contained in paragraph 5 of the Amended Complaint, except admit that Plaintiff filed a Verified Complaint with the New York State Division of Human Rights on July 20, 2015 that was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 20, 2015. Further denies knowledge or information sufficient to form a belief as to whether the EEOC issued a Notice of Right to Sue letter.

## **TRIAL BY JURY**

6. Deny the allegations contained in paragraph 6 of the Amended Complaint.

## **PARTIES**

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint.

8. Admit the allegations contained in paragraph 8 of the Amended Complaint.

9. Admit the allegations contained in paragraph 9 of the Amended Complaint.

10. Admit the allegations contained in paragraph 10 of the Amended Complaint.

## **STATEMENT OF FACTS**

11. Deny the allegations contained in paragraph 11 of the Amended Complaint.

12. Deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15. Deny the allegations contained in paragraph 15 of the Amended Complaint.

16. Deny the allegations contained in paragraph 16 of the Amended Complaint, except admit that Anthony James supervised Elam as of April 2015.

17. Deny the allegations contained in paragraph 17 of the Amended Complaint, except admit that Concourse Village issued to Elam a memorandum on or about June 22, 2015.

18. Deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Deny the allegations contained in paragraph 20 of the Amended Complaint.

21. Deny the allegations contained in paragraph 21 of the Amended Complaint, except admit that Elam's responsibilities included generating a weekly report of all materials issued from the stockroom for the week and the remaining balance of materials.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23. Deny the allegations contained in paragraph 23 of the Amended Complaint, except admit that Elam submitted to James an incomplete handwritten report.

24. Deny the allegations contained in paragraph 24 of the Amended Complaint, except admit that on or about June 29, 2015, James requested that Elam resubmit a complete report in spreadsheet form.

25. Deny the allegations contained in paragraph 25 of the Amended Complaint, except admit that Elam submitted a report to James that was still incomplete and that Concourse Village issued to Elam a three-day suspension on June 30, 2015.

26. Deny the allegations contained in paragraph 26 of the Amended Complaint.

27. Deny the allegations contained in paragraph 27 of the Amended Complaint.

28. Deny the allegations contained in paragraph 28 of the Amended Complaint, except admit that Elam complained to Christina Verney, Human Resources Coordinator, WinnCompanies, concerning the three-day suspension issued to Elam on June 30, 2015.

29. Deny the allegations contained in paragraph 29 of the Amended Complaint.

30. Deny the allegations contained in paragraph 30 of the Amended Complaint.

31. Deny the allegations contained in paragraph 31 of the Amended Complaint.

32. Deny the allegations contained in paragraph 32 of the Amended Complaint.

33. Deny the allegations contained in paragraph 33 of the Amended Complaint.

34. Deny the allegations contained in paragraph 34 of the Amended Complaint.

35. Deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Deny the allegations contained in paragraph 36 of the Amended Complaint, except admit that Concourse Village terminated Elam from employment on or about July 13, 2015.

37. Deny the allegations contained in paragraph 37 of the Amended Complaint.

38. Deny the allegations contained in paragraph 38 of the Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the Amended Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Illegal Termination of Employment in Violation of the ADA
### (Against Defendant Concourse Village)

40. Repeat each and every allegation, admission and denial contained in paragraphs "1" through "39" with the same force and effect as if fully set forth at length herein.

41. Deny paragraph 41 of the Amended Complaint as it consists entirely of legal conclusions and contains no factual allegations and further refers the Court to the ADA for a recitation of its terms.

42. Deny the allegations contained in paragraph 42 of the Amended Complaint.

43. Deny the allegations contained in paragraph 43 of the Amended Complaint.

44. Deny the allegations contained in paragraph 44 of the Amended Complaint.

**SECOND CAUSE OF ACTION**
**Illegal Retaliation in Violation of the ADA**
**(Against Defendant Concourse Village)**

45. Repeat each and every allegation, admission and denial contained in paragraphs "1" through "44" with the same force and effect as if fully set forth at length herein.

46. Deny paragraph 46 of the Amended Complaint as it consists entirely of legal conclusions and contains no factual allegations and further refers the Court to the ADA for a recitation of its terms.

47. Deny the allegations contained in paragraph 47 of the Amended Complaint.

48. Deny the allegations contained in paragraph 48 of the Amended Complaint.

49. Deny the allegations contained in paragraph 49 of the Amended Complaint.

50. Deny the allegations contained in paragraph 50 of the Amended Complaint.

**THIRD CAUSE OF ACTION**
**Illegal Disability Discrimination in Violation of the NYCHRL**
**(Against All Defendants)**

51. Repeat each and every allegation, admission and denial contained in paragraphs "1" through "50" with the same force and effect as if fully set forth at length herein.

52. Deny paragraph 52 of the Amended Complaint as it consists entirely of legal conclusions and contains no factual allegations and further refers the Court to the NYCHRL for a recitation of its terms.

53. Deny the allegations contained in paragraph 53 of the Amended Complaint.

54. Deny the allegations contained in paragraph 54 of the Amended Complaint.

55. Deny the allegations contained in paragraph 55 of the Amended Complaint.

**FOURTH CAUSE OF ACTION**
**Illegal Retaliation of Employment in Violation of the NYCHRL**
**(Against All Defendants)**

56. Repeat each and every allegation, admission and denial contained in paragraphs "1" through "55" with the same force and effect as if fully set forth at length herein.

57. Deny paragraph 57 of the Amended Complaint as it consists entirely of legal conclusions and contains no factual allegations and further refers the Court to the NYCHRL for a recitation of its terms.

58. Deny the allegations contained in paragraph 58 of the Amended Complaint.

59. Deny the allegations contained in paragraph 59 of the Amended Complaint.

60. Deny the allegations contained in paragraph 60 of the Amended Complaint.

61. Deny the allegations contained in paragraph 61 of the Amended Complaint.

**FIFTH CAUSE OF ACTION**
**Interference with Leave in Violation of the FMLA**
**(Against All Defendants)**

62. Repeat each and every allegation, admission and denial contained in paragraphs "1" through "61" with the same force and effect as if fully set forth at length herein.

63. Deny paragraph 63 of the Amended Complaint as it consists entirely of legal conclusions and contains no factual allegations and further refers the Court to the FMLA for a recitation of its terms.

64. Deny the allegations contained in paragraph 64 of the Amended Complaint.

65. Deny the allegations contained in paragraph 65 of the Amended Complaint.

66. Deny the allegations contained in paragraph 66 of the Amended Complaint.

67. Deny the allegations contained in paragraph 67 of the Amended Complaint.

68. Deny the allegations contained in paragraph 68 of the Amended Complaint.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of the FMLA**
**(Against All Defendants)**

69. Repeat each and every allegation, admission and denial contained in paragraphs "1" through "68" with the same force and effect as if fully set forth at length herein.

70. Deny paragraph 70 of the Amended Complaint as it consists entirely of legal conclusions and contains no factual allegations and further refers the Court to the FMLA for a recitation of its terms.

71. Deny the allegations contained in paragraph 71 of the Amended Complaint.

72. Deny the allegations contained in paragraph 72 of the Amended Complaint.

73. Deny the allegations contained in paragraph 73 of the Amended Complaint.

74. Deny the allegations contained in paragraph 74 of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted, in whole or in part.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust his administrative remedies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in the Amended Complaint because Plaintiff failed to mitigate his damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

All actions taken by Defendants with regard to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the punitive damages sought in the Amended Complaint because Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against Defendants under applicable law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive relief are barred, inasmuch as Plaintiff cannot show that Defendants showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of indifference to consequences.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

To the extent that Defendants' actions with regard to Plaintiff were motivated, in part, by unlawful reasons, which Defendants expressly deny, Defendants would have taken the same actions with respect to Plaintiff for legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants have no basis in law or fact.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Defendants enforced their anti-discrimination and anti-retaliation policies in good faith.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Defendants exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

The allegations in the Amended Complaint against Defendants constitute nothing more than what a reasonable person would consider petty slights and trivial inconveniences.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to the relief sought in the Complaint because Plaintiff's damages are limited by the after-acquired evidence doctrine.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Bowry and James are not proper defendants within the meaning of, and are not personally liable under, the Americans with Disabilities Act, the Family and Medical Leave Act, the New York City Human Rights Law or any other law.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks personal jurisdiction over Bowry and James due to insufficient service of process.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Without discovery, Defendants cannot determine the extent to which Plaintiff's Amended Complaint may be barred by any remaining affirmative or other defenses. Thus, as separate and alternative defenses to Plaintiff's Complaint, Defendants reserve their right to assert all affirmative and other defenses as appropriate.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint in its entirety, and request that this Court grant Defendants their costs, attorneys' fees and such other and further relief that this Court deems just and proper.

Dated:  New York, NY
        December 9, 2015

>Respectfully submitted,
>
>CLIFTON BUDD & DeMARIA, LLP
>*Attorneys for Concourse Village, Inc., Leticia Bowry, and Anthony James*
>
>By: ____/s/ Stefanie R. Munsky_____
>    Stefanie R. Munsky (SM-0724)
>    Carla B. Gunther (CG-0827)
>    The Empire State Building
>    350 Fifth Avenue, 61st Floor
>    New York, NY 10118
>    (212) 687-7410
>    Fax: (212) 687-3285
>    srmunsky@cbdm.com
>    cbgunther@cbdm.com