**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------×
WALTER ELAM,

       *Plaintiff,*

  v.

CONCOURSE VILLAGE, INC., ANTHONY JAMES, *individually,* and LETICIA BOWRY, *individually,*

       *Defendants.*
-------------------------------------------------------------×

Case No. 15-cv-7215 (CM)

**PLAINTIFF'S PROPOSED REQUESTS TO CHARGE**

Plaintiff Walter Elam respectfully requests that the Court include the following instructions in its instructions to the jury.

Dated: New York, New York
       September 15, 2016

By: _____
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

# PROPOSED JURY INSTRUCTION NO. 1
# (PROVINCE OF THE JURY)

MEMBERS OF THE JURY:

You have been chosen and sworn as jurors in this case to try the issues of fact presented by certain of the allegations of the Plaintiff. Now that you have heard the evidence and the arguments, it becomes my duty to instruct you as to the law applicable to this case.

You must follow the law as stated in my instructions and apply these rules of law to the facts as you find them from the evidence in this case.

You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. The parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

You are not to single out any one instruction as stating the law, but must consider the instructions as a whole.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

## PROPOSED JURY INSTRUCTION NO. 2
## (EQUALITY BEFORE THE LAW)

This case should be considered and decided by you as a dispute or an action between persons and corporations of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons and entities are equals before the law, and they are to be dealt with equally in a court of justice.

## PROPOSED JURY INSTRUCTION NO. 3
## (EVIDENCE IN THE CASE – STIPULATIONS)

Statements and arguments of counsel are not evidence in the case and should be disregarded except when the attorneys for both parties stipulate or agree as to the existence of a fact. In such cases, you, unless otherwise instructed, must accept the stipulation and regard that fact as proved. The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded. You must confine your consideration of this case solely to the evidence presented in this trial.

## PROPOSED JURY INSTRUCTION NO. 4
## (COMMENTS NOT EVIDENCE)

I can make comments on the evidence in the case. My comments are only expressions of my opinion as to the facts. Since you are the sole judge of the facts, you should disregard my comments with respect to the evidence.

## PROPOSED JURY INSTRUCTION NO. 5
## (QUESTIONS NOT IN EVIDENCE)

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. Lawyers' statements are not evidence.

## PROPOSED JURY INSTRUCTION NO. 6
## (OBJECTIONS—ACTIONS OF COUNSEL)

During the course of the trial you have undoubtedly heard objections to evidence. It is the duty of the attorney to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

Evidence may have been introduced when I overruled the objection of an attorney. You must treat this evidence the same as any other evidence unless I have previously instructed you otherwise. Sometimes, I have sustained objections of attorneys. You must disregard entirely any question to which an objection was sustained. You must not speculate as to what that question meant or how it would have been answered.

It is the duty of the Court to admonish an attorney who, out of zeal for his cause, does something which is not in keeping with the rules of evidence or procedure.

You are to draw no inference against the side to whose attorney an admonition of the Court may have been addressed during the trial of this case.

## PROPOSED JURY INSTRUCTION NO. 7
## (EVIDENCE—DIRECT, INDIRECT OR CIRCUMSTANTIAL)

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case. One is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

Let me give you an example of the difference between direct and circumstantial evidence.

If the issue before you were whether or not it is raining outside, you could ask someone who has come in from the outside whether or not it is raining. That person's answer would be direct evidence of whether or not it is raining.

On the other hand, that person might come in from outside wearing a wet coat or carrying an umbrella. The fact that that person's coat was wet or that he was carrying an umbrella would be circumstantial or indirect evidence of whether or not it was raining.

Just as you would evaluate the credibility of the testimony of the individual who testified as to whether it was raining, you would evaluate the weight of the circumstantial evidence that I have just described.

As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

### PROPOSED JURY INSTRUCTION NO. 8
### (EVALUATION OF EVIDENCE)

You must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

At times during the trial I may have instructed that testimony be stricken from the record. You must disregard that testimony and dismiss it from your minds. Your decision must be made solely upon the admissible evidence before you. Items I have excluded from your consideration are not admissible evidence.

The law does not, however, require you to accept all of the evidence I have admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony. The testimony of a witness may fail to conform to the facts as they occurred because the witness is lying; because the witness did not accurately see or hear that about which he testifies; because the witness' recollection of the event is faulty; or because the witness has not expressed

himself clearly in giving his testimony.

There is no magical formula by which you can evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests that you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives his testimony on the stand, the opportunity that the witness had to observe the facts concerning which he testifies, the probability or improbability of the witness' testimony when viewed in the light of all of the other evidence in the case, are all items to be taken into your consideration in determining the weight, if any, you will assign to that witness' testimony. If such considerations make it appear that there is discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

## PROPOSED JURY INSTRUCTION NO. 9
### (SINGLE WITNESS)

The testimony of a single witness which produced in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.[1]

## PROPOSED JURY INSTRUCTION NO. 10
### (CREDIBILITY OF WITNESSES—DISCREPANCIES IN TESTIMONY)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in

---

[1] AUTHORITY: Devitt, Blackmar, Wolff and O'Malley, *Federal Civil Jury Practice And Instructions*, § 72.14 (1987 and 1999 Supp.).

which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness had testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness may be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear or understand it differently; an innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of such witness such weight, if any, as you may think it deserves.

## PROPOSED JURY INSTRUCTION NO. 11
### (IMPEACHMENT OF WITNESS)

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or failed to say or do something, which is inconsistent with the witness' testimony.

You may have heard evidence that at some other time another person, who is not a party to this action has said or done something, which is inconsistent with the witness' testimony at trial. You may consider this evidence for the sole purpose of judging the credibility of the witness. You may

not consider this evidence as proof of the truth of any such statement.

If a witness testified that he heard statements, or observed conduct made by a party to this action, or a representative of a party, and in the statement the party admitted some fact that was against their interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is knowingly done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

If you believe any witness has been impeached and thus discredited, it is your exclusive determination to give the testimony of that witness the weight, if any, that you believe it deserves.

### PROPOSED JURY INSTRUCTION NO. 12
### (BURDEN OF PROOF)

The Plaintiff has the burden of proving each and every element of his claims by a preponderance of the evidence. Imagine the Scales of Justice and that we have loaded up all of the evidence that the plaintiff has presented on one side. On the other side, we then put all the evidence the defendant has brought forth. Then we see which side the scales tip. All that is needed to tip one side is one feather or one grain of sand or one grain of rice beyond the other.

The Defendants have the burden of proving each element of their affirmative defense. If you find that any one of the elements of Defendants' defense has not been proven by a preponderance of the evidence, you must disregard the defense.[2]

### PROPOSED JURY INSTRUCTION NO. 13
### (NATURE OF PLAINTIFF'S CLAIMS)

In this case, Plaintiff has brought claims alleging that Defendants Concourse Village, Inc., Anthony James and Letitia Bowry: (a) discriminated against him in violation of the Americans With Disabilities Act ("ADA") and New York City Human Rights Law ("NYCHRL") by terminating his

---

[2] AUTHORITY: Matthew Bender, Modern Federal Jury Instructions §§ 87-67 (citing Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980)).

employment on the basis of his association with an alleged disabled individual, his wife; (b) retaliated against him by writing him up, suspending him, and ultimately terminating his employment because of alleged complaints about disability discrimination on the basis of his association with an alleged disabled individual; (c) interfered with Plaintiff's right under the Family and Medical Leave Act ("FMLA") to take leave; and (d) retaliated against Plaintiff for taking leave under the FMLA by terminating his employment. Defendants deny Plaintiff's claims.

Under the law, an employer may not discriminate against an individual because of the individual's association with a disabled individual or retaliate against an individual for engaging in activity protected under the law. Under the law, an employer also may not interfere with an individual's rights under the FMLA or retaliate against an individual for exercising rights under the FMLA.

## PROPOSED JURY INSTRUCTION NO. 14
## (THE ESSENTIAL ELEMENTS OF THE PLAINTIFF'S DISCRIMINATION CLAIM)

Plaintiff claims that Defendants discriminated against him because of his association with a disabled individual by terminating his employment, in violation of the ADA. The purpose of the ADA is to provide a clear and comprehensive national policy to eliminated discrimination in the workplace against individuals with disabilities.[3]

It is unlawful to discharge a person due to her association with a disabled person. To succeed on this claim, Plaintiff must prove the following items by a preponderance of the evidence:

(1) Plaintiff's wife has a disability;
(2) Plaintiff was qualified for the job;
(3) Defendants terminated, suspended, or reprimanded plaintiff; and
(4) Plaintiff's relationship with his disabled wife was a motivating factor in Defendants' decision to terminate, suspend, or reprimand him.

If you find that Defendants terminated Plaintiff, plaintiff does not have to prove that her son's

---

[3] AUTHORITY: Sand, Modern Federal Jury Instructions 88A-2; 29 U.S.C. § 701(b)(1).

disability was the only reason defendant discharged her. If you disbelieve the reason(s) Defendants has given for its decision, you may infer defendant discharged plaintiff because of his wife's disability.

Under the ADA, a person has a disability if:

- She had a physical or mental impairment that substantially limited one or more of the major life activities of the person; or
- Had a record of having a physical or mental impairment that substantially limited one or more major life activities; or
- Was regarded as having a physical or mental impairment that substantially limited one or more major life activities.

An impairment is:
- Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, speech, cardiovascular, reproductive, digestive, urinary, blood and circulation, lymphatic or endocrine glands or skin.
- Any mental or physiological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

An impairment is a disability within the meaning of the ADA if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, working and sitting.

Under the NYCHRL, the definition of "disability" is any physical, medical, mental or psychological impairment, or a history or record of such impairment. The term "physical, medical, mental, or psychological impairment" means: an impairment of any system of the body; including, but not limited to: the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the

immunological systems; the skin; and the endocrine system; or a mental or psychological impairment.

In order to prove that Plaintiff was terminated from employment under circumstances raising a reasonable inference that the disability of a relative or associate was a determining factor in the employer's decision, Plaintiff must establish that Defendants were motivated to discriminate against him because of: (a) the expense to Concourse Village's insurer for Plaintiff's wife's care; (b) fear that Plaintiff may contract or is genetically predisposed to his wife's disability; or (c) concern that Plaintiff may be inattentive at work because of his wife's disability.[4]

**PROPOSED JURY INSTRUCTION NO. 15**
**(THE ESSENTIAL ELEMENTS OF THE PLAINTIFF'S RETALIATION CLAIM)**

Plaintiff claims that Defendants retaliated against him by writing him up, suspending him, and ultimately terminating his employment because of complaints about disability discrimination on the basis of his association with a disabled individual. Defendants deny Plaintiff's claim of retaliation.

The ADA and the NYCHRL prohibit discrimination against any individual in retaliation for opposing any unlawful practice or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing.

To prevail on this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

(1) that he made complaints about disability discrimination on the basis of his association with a disabled individual;
(2) that he was subjected to a materially adverse action at the time, or after, the protected conduct took place;
(3) that there was a causal connection between Defendants' writing Plaintiff up, suspending Plaintiff, and ultimately terminating Plaintiff's employment and Plaintiff's complaints of disability discrimination.

---

[4] AUTHORITY: *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 432 (2d Cir. 2016).

Concerning the first element, Plaintiff need not prove the merits of his complaints of discrimination, but only that Plaintiff was acting under a reasonable, good faith belief that his right to be free from discrimination on the basis of an association with a disabled individual was violated.

Concerning the second element, the term "materially adverse" means that Plaintiff must show that the retaliatory activity was serious enough that it well might have discouraged a reasonable worker from making a complaint of discrimination or requesting an accommodation.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Defendants action followed shortly after Defendants became aware of Plaintiff's complaints. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Plaintiff or a change in demeanor toward Plaintiff.

Plaintiff can recover for retaliation even if Plaintiff's wife did not have a "disability" within the meaning of the ADA. The question is not whether there was a "disability" but whether Defendants retaliated for Plaintiff's complaints of discrimination.

Ultimately, you must decide whether Plaintiff's complaints of discrimination had a determinative effect on Defendants' decision to write up, suspend, or terminate Plaintiff. "Determinative effect" means that if not for Plaintiff's complaints of discrimination Defendants would not have written him up, suspended him, or terminated him.

**PROPOSED JURY INSTRUCTION NO. 16**
**(THE ESSENTIAL ELEMENTS OF THE PLAINTIFF'S FMLA INTERFERENCE CLAIM)**

Plaintiff has made a claim under the Family and Medical Leave Act ("FMLA"), a federal statute that prohibits an employer from interfering with or retaliating against an employee's exercise of the right granted in the Act to a period of unpaid leave to care for a family member with a serious health condition. Plaintiff alleges that Defendants interfered with his right to FMLA leave. Defendants deny Plaintiff's claim.

Under the FMLA it is unlawful for any employer to interfere with the exercise of or the attempt to exercise, any right provided under the FMLA. To establish a claim of interference under the FMLA, Plaintiff must prove by a preponderance of the evidence that:

(1) he is an eligible employee under the FMLA;
(2) the defendant is an employer as defined by the FMLA;
(3) he was entitled to take leave under the FMLA;
(4) he gave notice to the defendant of her intention to take leave; and
(5) he was denied benefits to which he was entitled under the FMLA.[5]

All covered employers must displace a general notice about the FMLA. Additionally, covered employers who have employees who are eligible for FMLA leave must:

- Provide employees with general notice about the FMLA;
- Notify employees concerning their eligibility status and rights and responsibilities under the FMLA; and
- Notify employees whether specific leave is designated as FMLA leave and the amount of time that will count against their FMLA leave entitlement.[6]

The eligibility notice must be provided when the employer acquires knowledge that an employee leave may be for an FMLA-qualifying reason.[7] A failure to provide employees with adequate notice of FMLA procedures may constitute interference with an employee's FMLA rights, if the lack of notice caused the employee to forfeit FMLA leave.[8]

### PROPOSED JURY INSTRUCTION NO. 17
### (THE ESSENTIAL ELEMENTS OF THE PLAINTIFF'S FMLA RETALIATION CLAIM)

---

[5] AUTHORITY: *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016).

[6] AUTHORITY: Fact Sheet # 28D: Employer Notification Requirements under the Family and Medical Leave Act, U.S. Department of Labor Wage and Hour Division, *available at* https://www.dol.gov/whd/regs/compliance/whdfs28d.pdf.

[7] AUTHORITY: Fact Sheet # 28D: Employer Notification Requirements under the Family and Medical Leave Act, U.S. Department of Labor Wage and Hour Division, *available at* https://www.dol.gov/whd/regs/compliance/whdfs28d.pdf.

[8] AUTHORITY: *LeClair v. Berkshire Union Free Sch.*, No. 1:08-CV-01354, 2010 U.S. Dist. Lexis 114835, at *22 (N.D.N.Y. October 28, 2010).

Plaintiff also alleges that Defendants retaliated against Plaintiff for requesting leave to which he has the right under the FMLA by terminating his employment. Defendants deny Plaintiff's claim.

Plaintiff claims he was harassed, written-up, and terminated by Defendants because he engaged in FMLA-protected activity. Defendants deny Plaintiff's claims and contends that he was not harassed or discharged and that the absences for which he received an unacceptable performance notification were not protected by the FMLA.

It is unlawful for an employer to discriminate or retaliate against an employee for engaging in FMLA-protected activity. FMLA-protected activity includes, but is not limited to, requesting or taking leave, having the employer maintain certain employment benefits during leave, and, once leave is completed, seeking restoration to the position of employment Plaintiff held when leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

To prevail in this case, Plaintiff must prove by a preponderance of the evidence that:

(1) He engaged in FMLA-protected activity;
(2) Defendants harassed, wrote-up, or terminated Plaintiff; and
(3) Defendants harassed, wrote-up, and or terminated Plaintiff because Plaintiff took fmla-protected leave to care for his wife.

Plaintiff does not have to prove that his taking or requesting leave is the only reason Defendants harassed, wrote-up, or terminated him.

If you disbelieve the reason(s) Defendants has given for its decision, you may infer Defendants denied leave to, harassed, wrote-up, and constructively discharged Plaintiff because of his FMLA-protected activity.

## PROPOSED JURY INSTRUCTION NO. 18
## (INDIVIDUAL LIABILITY)

Plaintiff has made claims against Anthony James and Letitia Bowry under the NYCHRL and the FMLA.

Under the NYCHRL, in order to find Anthony James and Letitia Bowry individually liable as an "employer," you must find that they had an ownership interest or the power to do more than carry out personnel decisions made by others.

Under the FMLA, in order to find Anthony James and Letitia Bowry individually liable as an "employer," you must find that he or she exercises sufficient control over the employee's working conditions, including decisions relating to FMLA leave.[9] Plaintiff must prove that the supervisor controlled, in whole or in part, the ability of the employee to take leave under the FMLA and/or the employee's return to work after the FMLA leave. This will include a review of whether the supervisor has the authority to discipline, grant the leave, extend the leave, or determine the return to work, or whether he/she can effectively recommend these actions.

## PROPOSED JURY INSTRUCTION NO. 19
## (DAMAGES GENERALLY)

If you find that Defendants intentionally discriminated against Plaintiff because of his association with a disabled individual, retaliated against him for complaining about discrimination because of his association with a disabled individual, interfered with Plaintiff's right to take leave under the FMLA and/or retaliated against Plaintiff for requesting or taking FMLA leave, then you must determine if Plaintiff suffered any damages as a result of the alleged violations. You may award damages only for injuries that the Plaintiff proves to you were caused by Defendants' alleged

---

[9] AUTHORITY: *Haybarger v. Lawrence Cnty. Adult Prob. & Parole,* 667 F.3d 408, 415–17 (3d Cir.2012); *Modica v. Taylor,* 465 F.3d 174, 184 (5th Cir. 2006); *Darby v. Bratch,* 287 F.3d 673, 681 (8th Cir.2002). The Second Circuit has yet to squarely address this question. *Wanamaker v. Westport Bd. of Educ.,* 899 F.Supp.2d 193, 201 (D.Conn.2012). At least three district courts within the Second Circuit, however, have accepted the reasoning of the Third, Fifth, and Eighth Circuits, and have concluded that individual liability may be imposed against an employee of a public agency where the employee may be regarded as an employer under the FMLA. *Wanamaker,* 899 F.Supp.2d at 201–02; *Santiago v. Conn. Dep't of Transp.,* No. 12–CV–0132, 2012 WL 5398884, at *4 (D.Conn. Nov. 5, 2012); *Smith v. Westchester Cnty.,* 769 F.Supp.2d 448, 473 (S.D.N.Y.2011).

wrongful conduct.  The damages that you award must be fair compensation, no more and no less.

You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case.  It is your task first to decide whether Defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money from the Defendants.  You should not reach the issue of damages unless you find that Plaintiff has established liability on at least one of his claims.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on speculation or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## PROPOSED JURY INSTRUCTION NO. 20
## (ECONOMIC DAMAGES)

*Back pay*

You may award as actual damages an amount that reasonably compensates Plaintiff for any lost wages that Plaintiff would have received had his rights not been violated.  Plaintiff has a duty to mitigate damages by using reasonable care and diligence in seeking suitable alternative employment.  The burden is on Defendants to prove by a preponderance of the evidence that Plaintiff has failed in his duty to mitigate.  Thus, if you find that Plaintiff failed to use reasonable care and diligence and that he could have obtained employment, then you should reduce any award of actual damages by the amount you find he could have earned from such employment.  Similarly, you must reduce any award of actual damages for lost wages by any wages Plaintiff obtained from other employment during this period.

*Front pay*

You may determine separately a monetary amount equal to the present value of any future wages and benefits that Plaintiff would reasonably have earned from Defendants had Defendants not terminated him for the period from the date of your verdict through a reasonable period of time in the future. From this figure, you must subtract the amount of earnings and benefits Plaintiff will receive from other employment during that time. Plaintiff has the burden of proving these damages by a preponderance of the evidence.

*After Acquired Evidence defense*

In addition, Defendants contend that they would have made the same decision to terminate Plaintiff's employment based on Plaintiff's conduct that Defendants discovered after Plaintiff's termination from employment. If Defendants prove by a preponderance of the evidence that they would have made the same decision based on the after-acquired evidence, you must limit any award of lost wages to the date that Defendants would have made the decision to terminate Plaintiff's employment.

**PROPOSED JURY INSTRUCTION NO. 21**
**(PAIN, SUFFERING & EMOTIONAL DISTRESS)**

Plaintiff seeks damages for pain, suffering and emotional distress. The fact that you are instructed on these types of damages does not suggest that you must consider awarding damages based on emotional distress.

Under the ADA and the NYCHRL, you may award compensatory damages for injuries that Plaintiff proves were natural and direct consequence of Defendants' allegedly wrongful conduct. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be

17

imposed or increased to penalize a defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered, or that Plaintiff is reasonably likely to suffer in the future.

The appropriate amount of compensatory damages turns on the unique facts of each case, and should take into consideration such factors as "the duration, severity, consequences and physical manifestations of the mental anguish, as well as any treatment that Plaintiff underwent as a result of his anguish." A Plaintiff need not submit corroborating evidence to establish compensable emotional distress damages and can rely solely on his own testimony to prove damages.

If you decide that Plaintiff is entitled to recover damages based on emotional distress, you will award an amount as, in the exercise of your good judgment and common sense, is just compensation for such pain, suffering and emotional distress you find was actually caused by Defendants' conduct. Higher amounts are warranted where there is more substantial harm or more offensive conduct.[10]

Plaintiff may not recover damages for emotional distress or pain and suffering under the FMLA.

**PROPOSED JURY INSTRUCTION NO. 22**
**(PUNITIVE DAMAGES)**

In this lawsuit, Plaintiff seeks punitive damages. If you find that Defendants knew that they may have been acting violation of the law,[11] the ADA and the NYCHRL allow you to award punitive damages under certain circumstances. If you find in favor of Plaintiff, the law allows you, but does not require you, to award punitive damages. The purpose of an award of punitive damages is to punish a wrongdoer for misconduct and to warn others against doing the same.

---

[10] AUTHORITY: *MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 560 (S.D.N.Y. 2012).

[11] AUTHORITY: *Kolstad v. American Dental Association*, 527 U.S. 526, 535 (1999).

In this case you may award punitive damages if you find that Defendants engaged in a discriminatory or retaliatory employment practice or practices with malice intent or reckless indifference. The terms "malice" or "reckless indifference" pertain to the Defendants' knowledge that they may have been acting in violation of federal law, not its awareness that it is engaging in discrimination.

If you decide that an individual's conduct justifies an award of punitive damages because it was done maliciously or with reckless indifference, so indicate on your verdict sheet. You must then decide whether that conduct should impose liability on Concourse Village. Liability may be imposed upon Concourse Village for the intentionally discriminatory and/or retaliatory conduct of its employees where the employees served the employer in a managerial capacity, the employee committed the intentional discrimination and/or retaliation while acting within the scope of his or her employment and the employer did not engage in good faith efforts to comply with the law.

If you decide that liability should be imposed upon Concourse Village, further instructions on how to calculate an amount of punitive damages will be given to you after you return your verdict.

You may not award Plaintiff punitive damages under the FMLA.