**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------×
WALTER ELAM,

                *Plaintiff*,

      *v*.

CONCOURSE VILLAGE, INC., ANTHONY JAMES,
individually, and LETITIA BOWRY, individually,

                *Defendants*.

-------------------------------------------------------------------×

**15 CV 7215**

**DECLARATION OF**
**WALKER G. HARMAN, JR.**

       Pursuant to 28 U.S.C. § 1746, I, Walker G. Harman, Jr., an attorney admitted to practice in the United States District Court of the Southern District of New York, declare under penalty of perjury:

       1.      I am an attorney of record for Plaintiff Walter Elam ("Plaintiff" or "Elam") and commenced this action on his behalf against Defendants Concourse Village, Inc. ("Defendant Concourse" or "Concourse"), and Letitia Bowry ("Defendant Bowry" or "Bowry") and Anthony James ("Defendant James" or "James") individually.  This Declaration is based upon my personal knowledge of the facts contained herein, as well as my knowledge as Plaintiff's attorney.

       2.      I submit this Declaration in Opposition to Defendants' Motion to Disqualify Plaintiff's Counsel and to Preclude Certain Evidence.

       3.      According to Bowry, Concourse is a residential cooperative apartment complex with 1,872 units.  A true and correct copy of the Affidavit of Letitia Bowry is attached hereto as Exhibit A.

       4.      Shortly after a trial date was set in this matter, Defendants' counsel informed Plaintiff's counsel that Bowry was ill and could not appear for a trial and that, consequently, the trial would need to be adjourned.

5.     When Plaintiff's counsel requested documentation regarding Bowry's medical issues, Defendants withdrew their request.

6.     On February 28, 2017, Edgar Rivera and I contacted Defendants' counsel to inform them of Plaintiff's counsel's conversations with Leroy Meyers and Constance Hendricks (the "Witnesses"), as we were planning to add the Witnesses to the witness list for trial and would need to amend the Proposed Pre-Trial Order.

7.     On this call, we asked Defendants' counsel whether they intended to represent the Witnesses at trial.

8.     We informed Defendants' counsel that representing the Witnesses at trial would be improper, as the Witnesses' interests were at odd with Defendants' interests, making it impossible for Defendants' counsel to zealously advocate for both their clients and the Witnesses.

9.     Defendants knew, or should have known, well in advance of this call that the Witnesses would testify against Defendants, as Bowry mentioned the Witnesses' involvement in her deposition.  A true and correct copy of relevant pages of Letitia Bowry's Deposition Transcript is attached hereto as Exhibit B.

10.     Plaintiff also included allegations about Plaintiff's termination being in contravention of the Board's bylaws.  A true and correct copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit C.

11.     The anticipated testimony of Meyers and Hendricks contradicts Defendants' First Amended Answer, as well as the testimony of Bowry and Sherill Henry (Concourse's former general manager), as to whether Plaintiff's termination followed Defendants' procedures.  A true and correct copy of Defendants' First Amended Answer is attached hereto as Exhibit D.  A true

2

and correct copy of relevant pages of Sherill Henry's Deposition Transcript is attached hereto as Exhibit E.

12.     During this call, Defendants' counsel did not state whether they intended to represent the Witnesses.

13.     On March 1, 2017, Mr. Rivera and I had another call with Defendants' counsel.

14.     During this call, Defendants' counsel did not deny that they had never spoken with the Witnesses.

15.     Defendants' counsel only stated that they represented Concourse.

16.     When asked directly whether they represented the Witnesses, Defendants' counsel stated that they do not represent them individually.

17.     When asked if they represent the Witnesses in any capacity, Defendants' counsel stated that they represented them only with respect to their capacity as directors of Concourse.

18.     On March 2, 2017, Mr. Rivera and I again spoke with Defendants' counsel via telephone regarding Plaintiff's counsel's conversations with the Witnesses and whether Defendants' counsel intended to represent the Witnesses at trial.

19.     Defendants' counsel's statements on that call were substantially the same as those made during the March 1 call.

20.     At no point in this litigation have Defendants' counsel ever stated to me that they represent the Witnesses.  In fact, at Elam's deposition, Defendants' counsel actually asked him whether Meyers was still alive.  A true and correct copy of relevant pages of Walter Elam's Deposition Transcript is attached hereto as Exhibit F.

21.     Additionally, Defendants clearly do not want the Witnesses to testify, as they never interviewed them and seek to suppress any statements they made.  For example,

Defendants argued in their Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment that Meyers' statement was inadmissible hearsay; Defendants seem to claim both that they represent Meyers by virtue of his being a member of the Board, and that he is not an agent of Concourse with respect to Rule 801(d)(2)(D).  A true and correct portion of Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment is annexed hereto as Exhibit G.

22.     Plaintiff's counsel offered to stipulate not to use Meyers' Declaration for any purposes, yet Defendants' counsel declined to agree to the proposed stipulation, insisting instead on the instant motion.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York
       March 20, 2017

                                        By:  s/ Walker G. Harman, Jr.
                                             Walker G. Harman, Jr.