# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

WALTER ELAM,                                                     :

                           *Plaintiff*,          :          **15 Civ. 7215 (CM)**

                             v.             :          <u>**AFFIDAVIT OF LETITIA BOWRY**</u>

                                                                   :

CONCOURSE VILLAGE, INC., ANTHONY                                :
JAMES, *individually*, AND LETITIA BOWRY,                        :
*individually*,                                                 :
                                                                   :

                           *Defendants*.          :

------------------------------------------------------------------x

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF BRONX    )

       LETITIA BOWRY, being duly sworn hereby deposes and says:

       1.     I am the President of the Board of Directors (the "Board") of Concourse Village,

Inc., ("Concourse Village") and submit this affidavit upon personal knowledge unless otherwise

indicated in support of Defendants' motion for summary judgment seeking dismissal of Plaintiff

Walter Elam's ("Elam" or "Plaintiff") Amended Complaint in this action.

       2.     Concourse Village is the owner of a residential cooperative apartment complex,

with 1,872 units, in the Bronx, New York (the "Property").

       3.     I am a thirty year resident of Concourse Village, and served as the President of the

Board since January 2015. Prior to my current term on the Board, I also served as the President

of the Board from 2002-2006 and as the Assistant Vice President from 2000-2002.

       4.     In 2015, the Board was comprised of 13 individuals, including 12 shareholders,

who volunteered their time to ensure the proper management of the Property.

5.      The Board is responsible for overseeing the management of Concourse Village. To aid in this responsibility, the Board retains a managing agent. Winn WB Management Company LLC ("Winn") served as the managing agent of Concourse Village from 2012 to 2016. Winn can make recommendations to the Board, but the Board retains the responsibility of making decisions concerning the operations of the Property, including any issues related to Concourse Village's employees.

6.      The Board generally meets every second and last Thursday of each month, beginning at 7pm.

7.      Certain Concourse Village residents asked me to run for President of the Board this term to improve the operations of the Property, including its maintenance and safety. After my election, the Board and I recognized that in order to address these concerns at the Property, Concourse Village had to improve management of its employees. Specifically, other Board members and I believed that some Concourse Village employees lacked a strong work ethic and accountability for their work. This resulted in the Property not being maintained to the standards of the Board.

8.      In early 2015, I and several Board members met with the Concourse Village employees to discuss the Board's concerns with their collective work performance and lack of professionalism. At this meeting, I informed the employees that Concourse Village would terminate those employees whose work performance did not improve.

9.      In April 2015, Concourse Village hired Anthony James ("James") as Lead Maintenance Supervisor, with the intention of promoting him to Maintenance Director if he performed well in this role. James currently serves as the Maintenance Director of Concourse Village.

10.     After observing the stockroom operations, James informed me that he was concerned about its lack of organization, the quality and number of supplies in the stockroom and Elam's work performance in managing the stockroom. James also advised me that, on several occasions, Elam was absent from or left work without notifying him, even after James instructed Elam to inform him of his need for time off.

11.     By July 2015, the Board was aggravated with Elam and other Concourse Village employees who lacked accountability for their work. Despite their previous meeting with the employees earlier in the year, their collective work performance had not improved.

12.     Sherill Henry ("Henry"), the General Manager of Concourse Village, and I regularly discussed ways to improve the employees' work performance and the maintenance of Concourse Village. Henry noted issues with Elam's work performance, including his insubordination and failure to submit a complete and accurate stockroom inventory list to James. Henry also discussed issues with the work of Khalid Moore ("Moore") and Joy Madison ("Madison"). Like Elam, Moore and Madison also failed to meet Concourse Village's standards for various reasons, including insubordination and leaving work without notification.  Concourse Village gave Elam, Moore, and Madison multiple chances to improve their performance.

13.     I also received multiple complaints from other Concourse Village employees about Elam's work performance. Several maintenance men previously complained to me that the quality of the supplies that Elam ordered was inferior, and that Elam often did not have in the stockroom the materials they needed to complete their work. I investigated the workers' accusations by visiting the stockroom and observed that the supplies in the stockroom were not organized or labeled.

14.    In early July, Henry and five members of the Board, including me, met to discuss the possibility of the termination of Elam's employment. The Board members at that meeting ultimately decided to terminate Elam's employment due to his poor work performance and insubordination. Elam was not performing his job responsibilities as Stockroom Supervisor to the level expected by Concourse Village.  He also failed to notify his supervisor of the need to take time off. Elam had been previously counseled concerning these issues. Concourse Village required a Stockroom Supervisor that would be accountable for Concourse Village's inventory, which Elam was not, as evidenced by his failure to provide a proper inventory list in response to James' request.

15.    Concourse Village terminated Elam's employment on July 13, 2015, the same day in which it terminated the employment of Moore and Madison.

16.    I had no knowledge of any alleged complaint by Elam to WinnCompanies, a member of Winn WB Management Company LLC, about any alleged harassment or discrimination due to Elam's association with his wife.

I have read the foregoing paragraphs and I swear that they are true and accurate and I acknowledge that I am subject to punishment if willfully false.

LETITIA BOWRY

Sworn to before me on this
1/th day of September 2016

Notary Public

SARRAH CHERIZARD
Notary Public, State of New York
No. 02CH6324529
Qualified in Kings County
Commission Expires May 11, 2019