UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WALTER ELAM,                                       :
                                                   :
                       *Plaintiff*,           :   **15 Civ. 7215 (CM)**
                                                   :
      v.                                         :
                                                   :
CONCOURSE VILLAGE, INC., ANTHONY                   :
JAMES, *individually*, AND LETITIA BOWRY,          :
*individually*,                                    :
                                                   :
                       *Defendants.*          :
------------------------------------------------------------------------x

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND PRECLUDE CERTAIN EVIDENCE

Clifton Budd & DeMaria, LLP
*Attorneys for Concourse Village, Inc.,*
*Letitia Bowry and Anthony James*
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, NY 10018
(212) 687-7410

Of Counsel:
Arthur J. Robb, Esq. (AR-9446)
Stefanie R. Munsky, Esq. (SM-0724)
Carla B. Gunther, Esq. (CG-0827)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. II

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT .......................................................................................................................... 2

    I.    PLAINTIFF'S COUNSEL HAS NOT ESTABLISHED THAT THEIR ACTIONS DO NOT WARRANT DISQUALIFICATION ........................ 2

        A.    Sitting Board Members are Parties for the Purpose of Rule 4.2 by Operation of the Federal Rules of Civil Procedure .......................... 3

        B.    The Feigned Ignorance of Plaintiff's Counsel Does Not Excuse Their Egregious Ethical Violations ................................................. 5

            a.    Defendants' Counsel Clearly Represents Concourse Village's Board and its Members in Their Capacities as Board Members ................................................................................... 5

            b.    Plaintiff's Counsel Knew that Defendants' Counsel Represented Board Members ........................................................ 6

        C.    Disqualification is the Appropriate Remedy For Plaintiff's Counsel's Egregious Violation of Their Ethical Obligations ...................... 7

    II.    THE CONCEALMENT OF EVIDENCE BY PLAINTIFF'S COUNSEL PREJUDICED DEFENDANTS AND WARRANTS PRECLUSION ................................................................................................. 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ackerman v. Nat'l Prop. Analysts, Inc.*,
 887 F.Supp. 510 (S.D.N.Y. 1993) ................................................................................. 8

*AIU Ins. Co. v. Robert Plan Corp.*,
 851 N.Y.S.2d 56 (N.Y. Sup. Sept. 26, 2007) ................................................................ 3

*Barcia v. Sitkin*,
 865 F. Supp. 1015 (S.D.N.Y. 1994) .............................................................................. 4

*Chevron v. Salazar*,
 275 F.R.D. 422 (S.D.N.Y. 2011) .................................................................................. 3

*Curley v. Cumberland Farms, Inc.*,
 134 F.R.D. 77, 79 (D.N.J. 1991) ................................................................................... 4

*Dixon-Gales v. Brooklyn Hosp. Ctr.*,
 941 N.Y.S.2d 468 (N.Y. Sup. 2012) ......................................................................... 4, 8

*Fleming v. Verizon New York, Inc.*,
 2006 WL 2709766 (S.D.N.Y. Sept. 22, 2006) .............................................................. 9

*Gidatex, S.r.L. v. Campaniello*,
 82 F.Supp.2d 119 (S.D.N.Y. 1999) ............................................................................... 4

*Kubin v. Miller*,
 801 F. Supp. 1101 (S.D.N.Y. 1992) .............................................................................. 6

*Lujan v. Cabana Management, Inc.*,
 284 F.R.D. 50 (E.D.N.Y. 2012) .................................................................................. 10

*Martin v. All Care Registry, Inc.*,
 822 F.Supp. 977 (E.D.N.Y. 1993) ................................................................................ 4

*Mendez v. Hovensa, LLC*,
 2008 WL 906768 (D.V.I. Mar. 31, 2008) ..................................................................... 4

*Miano v. AC & R Advertising*,
 148 F.R.D. 68 (S.D.N.Y. 1993) .................................................................................... 3

*MMR/Wallace Power & Indus., Inc. v. Thames Assoc.*,
 764 F.Supp. 712 (D. Conn.1991) .............................................................................. 7, 8

*Niesig v. Team I*,
 76 N.Y.2d 363 (1990) ................................................................................................... 8

*Pal v. New York Univ.*,
 2008 WL 2627614 (June 30, 2008) .............................................................................. 9

*Papanicolaou v. Chase Manhattan Bank, N.A.*,
 720 F.Supp. 1080 (S.D.N.Y. 1989) ............................................................................... 8

*Patterson v. Balsamico*,
 440 F.3d 104 (2d Cir. 2006) .................................................................................. 10

*Pauling v. Sec. of the Dep't of the Interior*,
 1997 WL 661393 (S.D.N.Y. Oct. 22, 1997) ............................................................. 4

*Schiller v. City of New York,*
 2007 WL 735010 (S.D.N.Y. Mar. 12, 2007) ............................................................ 9

**RULES**

Fed. R. Civ. P. 26(a)(1) .................................................................................................... 9

Fed. R. Civ. P. 30(b)(6) .................................................................................................... 3

Fed. R. Civ. P. 32(a)(3) ................................................................................................ 1, 3

New York Rules of Professional Conduct ............................................................... passim

## PRELIMINARY STATEMENT

Defendants submit this reply memorandum in further support of their motion to disqualify and preclude. For a number of reasons, Plaintiff's opposition is naïve, if not outright disingenuous.

First, the communications at issue were not incidental or harmless. The ethical rule prohibiting *ex parte* contact with represented parties is designed to prevent attorneys from extracting confidential or privileged information or unwitting admissions from laypersons without the benefit of counsel. Here, Plaintiff's counsel admits to doing just that. Plaintiff's counsel elicited information from sitting members of the Board of Directors (the "Board") of Defendant Concourse Village, Inc. ("Concourse Village"), outside formal discovery channels and without the prior knowledge of Defendants' counsel. Through these exchanges, Plaintiff's counsel procured information about the very Board procedures that Plaintiff claims were violated, as well as information about case management and Defendants' counsel's communications with the Board. Plaintiff proffers these Board members as key persons whose testimony is crucial to his case, not merely incidental fact witnesses. If Plaintiff wanted to secure their testimony, Plaintiff's counsel should have respected the corporate attorney-client relationship.

Second, it is not a close question that sitting Board members with first-hand information about the claims in a lawsuit fall within the scope of corporate representation. Plaintiff's counsel confuses the issue by analogizing to low or mid-level employees. In fact, the Federal Rules of Civil Procedure provide that a Board member's testimony may be used against a corporation for any purpose. *See* Fed. R. Civ. P. 32(a)(3). Plaintiff's counsel knows this—or at least they should.

Third, Plaintiff's baseless accusations of delay are just an attempt to deflect the Court's attention from Plaintiff's own conduct. Contrary to Plaintiff's assertions, the record is clear that Plaintiff's counsel informed Defendants' counsel, for the first time, on February 28, 2017, that they had *ex parte* communications with Concourse Village's Board members in June 2016.

Defendants' counsel filed this motion within one week of learning this.[1] While it is regrettable that this motion is required at all, Plaintiff can blame only his own attorneys for its timing.

Significantly, Plaintiff's counsel fails to provide any explanation whatsoever for their failure to disclose their *ex parte* communications to Defendants' counsel for seven months. Plaintiff's counsel's affirmative concealment of this information belies their argument that they were passive recipients of information, and their alleged belief that the Board members with whom they spoke were not covered by Defendants' counsel's representation of Concourse Village. Plaintiff's counsel's actions constitute egregious violations of their ethical obligations, and warrant their disqualification and the preclusion of any evidence improperly disclosed.

## ARGUMENT

**I.  PLAINTIFF'S COUNSEL HAS NOT ESTABLISHED THAT THEIR ACTIONS DO NOT WARRANT DISQUALIFICATION**

Plaintiff's counsel asks this Court to excuse the blatant violation of their ethical obligations, as they did not think that sitting Board members, Leroy Meyers ("Meyers") or Constance Hendricks ("Hendricks"), could bind Concourse Village, or that they fell within the scope of Defendants' counsel's representation. Plaintiff's counsel's self-serving claim of ignorance strains credulity, considering their affirmative concealment of their communications with Meyers and Hendricks from Defendants' counsel for seven months. Their actions warrant disqualification.

---

[1] Plaintiff's counsel also refers to Defendants' counsel's statement that Defendants may seek a continuance of the trial due to medical issues of Defendant Letitia Bowry ("Bowry"). (Gunther R. Dec. ¶2). To be clear, Defendants have not requested a continuance but simply put Plaintiff on notice: (1) that there may be a need; and (2) if Bowry's medical condition does not improve as the trial date draws closer, Defendants will decide whether to seek a continuance and will provide medical documentation to support the request. (Gunther R. Dec. ¶3).

**A. Sitting Board Members are Parties for the Purpose of Rule 4.2 by Operation of the Federal Rules of Civil Procedure**

Plaintiff's counsel argues that a "fact-intensive inquiry" reveals that Meyers and Hendricks do not constitute "parties" for the purposes of Rule 4.2 of the New York Rules of Professional Conduct ("Rule 4.2"). Specifically, Plaintiff's counsel argues that neither Meyers nor Hendricks had the authority to obligate Concourse Village with respect to this action, and their acts or omissions in connection with this action could not be imputed to Concourse Village.[2] Their argument is not supportable. As sitting Board members, the testimony of Meyers and Hendricks may be used against Concourse Village, for any purpose, by operation of the Federal Rules of Civil Procedure (the "Rules"). In regards to a corporation, the Rules provide:

> An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. 32(a)(3). *See also* Fed. R. Civ. P. 30(b)(6); *Chevron v. Salazar*, 275 F.R.D. 422, 427 (S.D.N.Y. 2011) ("The ability to examine an organization by an officer or director is straightforward- officers and directors are in formal control of an organization and thus speak for the entity which, as a legal construct rather than a corporeal being, cannot speak for itself.").

For these reasons, corporate directors, high-level company officials, and even mid-level supervisors are deemed "parties" for the purposes of Rule 4.2. *See e.g., AIU Ins. Co. v. Robert Plan Corp.*, 851 N.Y.S.2d 56, at *14 (N.Y. Sup. Sept. 26, 2007) (prohibiting opposing counsel from having *ex parte* contact with the Board of Directors of a corporation); *Miano*, 148 F.R.D. at

---

[2] Plaintiff cites Comment 7 to Rule 4.2 for the test of whether a constituent of an organization constitutes a "party" for the purpose of Rule 4.2. Defendants contend that the proper standard is whether: "(1) he/she had high-level managerial responsibility and was capable of binding the corporation; or (2) his/her acts or omissions may be imputed to the corporation for purposes of civil or criminal liability; or (3) his/her statements may constitute an admission by [the corporation]." *Miano v. AC & R Advertising*, 148 F.R.D. 68, 76 (S.D.N.Y. 1993). Meyers and Hendricks constitute "parties" under each of these standards.

76 (holding that high-level management employees are "parties" under the predecessor to Rule 4.2); *Barcia v. Sitkin*, 865 F. Supp. 1015, 1033-34 (S.D.N.Y. 1994) (holding that the Department of Labor's Administrative Law Judges were "parties" where their actions were imputable to the Department); *Dixon-Gales v. Brooklyn Hosp. Ctr.*, 941 N.Y.S.2d 468, 473 (N.Y. Sup. 2012) (ruling that a nurse at a hospital is a "party" where her acts could be imputed to the hospital).

Plaintiff's cited authorities are inapposite because they all involve low- or mid-level employees of a corporation. *See e.g., Gidatex, S.r.L. v. Campaniello*, 82 F.Supp.2d 119, 122 (S.D.N.Y. 1999) ("low-level" salespeople of defendant company); *Mendez v. Hovensa, LLC*, 2008 WL 906768 (D.V.I. Mar. 31, 2008) (shift supervisor of defendant company); *Curley v. Cumberland Farms, Inc.*, 134 F.R.D. 77, 79 (D.N.J. 1991) (former loss prevention specialists of defendant company); *Martin v. All Care Registry, Inc.*, 822 F.Supp. 977 (E.D.N.Y. 1993) (independent contractors of defendant company); *Pauling v. Sec. of the Dep't of the Interior*, 1997 WL 661393, at *1 (S.D.N.Y. Oct. 22, 1997) (EEO counselor of defendant corporation).

Here, unlike the cases cited by Plaintiff, Meyers and Hendricks were not just low- or mid-level employees or officers of a company, but both sat on the Board of Concourse Village at the time that Plaintiff's counsel had *ex parte* contact with them. As such, both Meyers and Hendricks are included within the corporate representation of Concourse Village for the purpose of Rule 4.2.

Lastly, Plaintiff claims Rule 4.2 does not apply because Meyers and Hendricks were not "central actors" in this action. Even if a "central actor" requirement applied to sitting Board members (it should not) this argument is just two-faced. Meyers and Hendricks concededly were not directly involved in the decision to terminate Plaintiff's employment. It is thus not remarkable that Defendants did not consider them material witnesses in support of their defenses. But Plaintiff offers these witnesses as key to Plaintiff's claim of pretext. Plaintiff calls them "crucial" witnesses

on the one hand, and then asks the Court to permit his lawyers to conduct *ex parte* interviews without counsel because they are not "central actors." The Court should disregard this argument.

**B. The Feigned Ignorance of Plaintiff's Counsel Does Not Excuse Their Egregious Ethical Violations**

Plaintiff's counsel asks this Court to excuse the blatant violations of their ethical obligations, claiming they were confused about or did not know that Defendants' counsel represented Meyers and Hendricks in their capacities as Board members. Their arguments are belied by the affirmative concealment of their *ex parte* communications from Defendants' counsel and the Court for seven months. This Court should not condone their actions.

**a. Defendants' Counsel Clearly Represents Concourse Village's Board and its Members in Their Capacities as Board Members**

Plaintiff's counsel claims that Defendants' counsel does not represent Meyers or Hendricks, because Defendants' counsel did not so state in their moving papers. This argument is rather obtuse, if not entirely disingenuous. Defendants' counsel does not purport to represent Meyers and Hendricks in their individual capacity, nor would it make sense that they need individual representation. Meyers and Hendricks have no individual stake in the litigation. The clear and consistently-stated purpose of this motion is to protect the integrity of Concourse Village's representation. For all the reasons previously stated, Defendant's counsel represents Meyers and Hendricks in their corporate capacity as representatives of Concourse Village—even if Meyers and Hendricks unwittingly failed to so realize.

Plaintiff's counsel also argues that Defendants' counsel did not sufficiently communicate with Meyers and Hendricks in the course of the litigation. First, what Defendants' counsel discusses with the Board concerning this lawsuit is none of Plaintiff's business. It is astonishing that Plaintiff's counsel thought it appropriate to explore this clearly privileged topic with Meyers and Hendricks. More to the point, even if individual Board members felt ill-informed regarding

the lawsuit, those persons have rights and responsibilities within the parameters of corporate governance. And if they did not know better than to call Plaintiff's counsel with their questions or concerns, Plaintiff's counsel surely should have known better than to take those calls.

Lastly, Plaintiff's counsel claims that the anticipated testimony will be adverse to those of Concourse Village, and therefore that Defendants' counsel cannot represent Meyers or Hendricks. A few things about this argument. First, it would be for the jury to decide whether the anticipated testimony, when viewed in light of the full evidentiary record, is adverse to Defendants. If it even mattered, Defendants submit the anticipated testimony is merely beside the point. But more important, Plaintiff again fails to recognize the distinction between corporate and individual representation. *See Kubin v. Miller*, 801 F. Supp. 1101, 1115 (S.D.N.Y. 1992) (plaintiff's status as corporate representative insufficient to disqualify corporate defendant's counsel).

### b. Plaintiff's Counsel Knew that Defendants' Counsel Represented Board Members

Plaintiff's counsel claims ignorance of the fact that Meyers or Hendricks were represented by Defendants' counsel. At the outset, while an attorney's knowledge of a party's representation may be questioned prior to the commencement of an action, here, Plaintiff's counsel does not dispute that Defendants' counsel represents Concourse Village for the purposes of this litigation.

It should have been clear to Plaintiff's counsel that sitting Board members of Concourse Village fell within the scope of that representation. And in fact, this was clear to Plaintiff's counsel when they filed Plaintiff's Initial Disclosures on November 12, 2015. (Gunther Dec., Ex. 5). In Plaintiff's Initial Disclosures, Plaintiff identified Meyers as a potential witness, indicating "c/o Defendants' counsel." (Gunther Dec., Ex. 5). Plaintiff's counsel also specifically indicated to Defendants' counsel that Defendants' counsel represented the Board members. (Gunther Dec. ¶5).

Plaintiff's counsel now claims that between November 12, 2015 and June 2016, they discovered that Board members were not "parties" for purposes of Rule 4.2. This new-found belief was based on their research, including a call to the New York State Bar Ethics Help Line. (Rivera Dec. ¶10). Plaintiff's counsel essentially admit that they knew of the possibility that Meyers and Hendricks might qualify as parties under Rule 4.2. At no point before, during or after their research did Plaintiff's counsel seek approval from Defendants' counsel or the Court to speak to them *ex parte*. (Gunther R. Dec. ¶4). In fact, Plaintiffs' counsel informed Defendants' counsel twice that Board members contacted Plaintiff, but conveniently did not mention their contact with Plaintiff's *counsel*. (Gunther Dec. ¶¶3-4). Nor did Plaintiff's counsel amend their Initial Disclosures to identify Hendricks as a potential witness, produce Meyers' Declaration in discovery, or identify Hendricks as a witness in the Pre-Trial Order. (Gunther Dec. ¶9, Ex. 5; Rivera Dec., Ex. K).

Instead, Plaintiff's counsel concealed their contact with Meyers and Hendricks for seven months. It strains credulity that Plaintiff's counsel truly lacked knowledge that Meyers and Hendricks fell within the scope of Defendants' counsel's representation of Concourse Village, as they went through so much trouble to conceal their exchanges from Defendants' counsel. *See MMR/Wallace Power & Indus., Inc. v. Thames Assoc.*, 764 F.Supp. 712, 727 (D. Conn.1991) ("there is little reason to believe [attorney] had any interest in hiring [layperson] other than in obtaining information to which he was not entitled, since if all he sought were facts known to [layperson] . . ., he was free to depose him." *Id.* Thus, Plaintiff's counsel's alleged ignorance that Meyers and Hendricks were represented by counsel is not a proper defense for their actions.

**C. Disqualification is the Appropriate Remedy For Plaintiff's Counsel's Egregious Violation of Their Ethical Obligations**

Plaintiff's counsel argues that disqualification is not warranted because Meyers and Hendricks did not disclose to them any confidential or privileged information about this action.

The Declaration of Plaintiff's Counsel, Edgar Rivera, flatly contradicts this assertion. Unlike mere fact witnesses, Meyers and Hendricks allegedly provided Plaintiff's counsel information about the very Board policies and procedures at issue in this action; their personal beliefs about whether the Board followed its procedures in terminating Plaintiff's employment; case strategy and management, including the extent to which they communicated with Defendants' counsel and with other Board members about the case; and their personal beliefs about how the case was managed. (Rivera Dec. ¶¶15, 19-20, 23). *See Dixon-Gales*, 941 N.Y.S.2d at 473 (finding an ethical violation for an attorney to engage in *ex parte* communications with an employee of a represented hospital concerning the very policies and procedures that were at issue in the action).

Moreover, even if Plaintiff's counsel had not admitted to obtaining privileged and confidential information from Meyers and Hendricks, there is a presumption that such information was in fact shared. *See MMR/Wallace Power & Indus., Inc.*, 764 F.Supp. at 726 ("[G]iven their undeniable interest in preserving any tactical advantage they may have garnered, the court does not find availing [the attorneys'] assertions that no confidential and/or privileged information was consciously or unconsciously revealed to them during their interview of [a former employee of defendant]."); *Ackerman v. Nat'l Prop. Analysts, Inc.*, 887 F.Supp. 510, 515 (S.D.N.Y. 1993).

The purposes of Rule 4.2 include preventing attorneys from taking advantage of represented parties and to "sustain[n] the integrity of the relationships between both an attorney and his client and an attorney and his opponents." *Niesig v. Team I*, 76 N.Y.2d 363, 370 (1990); *Papanicolaou v. Chase Manhattan Bank, N.A.,* 720 F.Supp. 1080, 1087 (S.D.N.Y. 1989). Thus, "disqualification is appropriate when the lawyer's conduct might taint the case" by placing "the integrity of the adversarial process . . . at stake." *Papanicolaou,* 720 F.Supp. at 1083.

Here, Plaintiff's counsel violated each of these tenets by clandestinely eliciting privileged and confidential information from Meyers and Hendricks outside formal discovery channels, and without the benefit of counsel, and then affirmatively concealing these communications from Defendants' counsel for seven months. Their actions warrant disqualification.

## II. THE CONCEALMENT OF EVIDENCE BY PLAINTIFF'S COUNSEL PREJUDICED DEFENDANTS AND WARRANTS PRECLUSION

Plaintiff's counsel argues that this Court should ignore their affirmative concealment of evidence for seven months, as Defendants should have known about the evidence, and therefore, that they were not prejudiced. This argument disregards the very purpose of the requirement to properly disclose evidence in accordance with the Federal Rules of Civil Procedure. Parties are required to identify in their initial disclosures individuals likely to have discoverable information. Fed. R. Civ. P. 26(a)(1). The reason for this rule is to alert their adversary "not merely that a person is a potential source of information, but that the party may call upon him to provide it." *Pal v. New York Univ.*, 2008 WL 2627614, at *4 (June 30, 2008). Thus, by including an individual in initial disclosures, an adversary is informed "of the need to take discovery of the named witness." *Id.*

Despite their failure to include Hendricks in their initial disclosures, Plaintiff argues that this Court should not preclude Hendricks' testimony. First, Plaintiff argues, Defendants were not prejudiced by their failure to identify her. This argument is unavailing, as Plaintiff's failure to identify her meant that Defendants were not on notice of the need to take discovery from her.

Plaintiff then asserts that Defendants should have known that Plaintiff might call her as a witness because Plaintiff mentioned her name at his deposition. This argument has been rejected by courts in the Second Circuit. *See Schiller v. City of New York,* 2007 WL 735010, at *3 (S.D.N.Y. Mar. 12, 2007) (precluding a witness from testifying at trial where he was not identified in initial disclosures but was referenced by deponents); *Fleming v. Verizon New York, Inc.*, 2006 WL

2709766, at *9 (S.D.N.Y. Sept. 22, 2006) (striking affidavits of individuals not identified in discovery or initial disclosures despite the fact that their names were mentioned in depositions); *Lujan v. Cabana Management, Inc.,* 284 F.R.D. 50, 72 (E.D.N.Y. 2012) (precluding the affidavits of individuals mentioned in depositions, but not included in initial disclosures).

Plaintiff's counsel also fails to provide any explanation whatsoever for the fact that they spoke with and exchanged documents *ex parte* with Meyers and Hendricks before discovery closed, and failed to disclose this to Defendants' counsel until February 28, 2017, seven months later. *See Patterson v. Balsamico*, 440 F.3d 104, 117-18 (2d Cir. 2006) (rejecting a party's inadequate explanation for not disclosing a witness and precluding testimony from that witness).

In the absence of any explanation from Plaintiff's counsel for this concealment, it can only be assumed that this was done intentionally to hide from Defendants' counsel the fact that they knowingly violated their ethical obligations. This Court should preclude Plaintiff's counsel from benefitting from their knowing violation and deceit.

## **CONCLUSION**

For the reasons set forth in Defendants' moving papers and herein, Defendants respectfully request that this Court grant their motion to disqualify Plaintiff's counsel and preclude certain evidence in its entirety, and award Defendants such other and further relief as this Court deems just and proper.

Dated: March 27, 2017
New York, New York

Respectfully submitted,
CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendants*

By:  /s/ Carla B. Gunther
Arthur J. Robb (AR-9446)
Stefanie R. Munsky (SM-0724)
Carla B. Gunther (CG-0827)