UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

WALTER ELAM,                                          :
                                                      :
                              *Plaintiff,*            :    **15 Civ. 7215 (CM)**
                                                      :
              v.                                      :
                                                      :
CONCOURSE VILLAGE, INC., ANTHONY                      :
JAMES, *individually*, AND LETITIA BOWRY,             :
*individually*,                                       :
                                                      :
                              *Defendants.*           :

---------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION
## <u>TO DISQUALIFY DEFENDANTS' COUNSEL</u>

Clifton Budd & DeMaria, LLP
*Attorneys for Concourse Village, Inc.,*
*Letitia Bowry and Anthony James*
The Empire State Building
350 Fifth Avenue, 61st Floor
New York, NY 10018
(212) 687-7410

Of Counsel:
Arthur J. Robb, Esq. (AR-9446)
Stefanie R. Munsky, Esq. (SM-0724)
Carla B. Gunther, Esq. (CG-0827)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................................II

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT .......................................................................................................................3

      I.      STANDARDS GOVERNING A MOTION TO DISQUALIFY ............................3

      II.     DEFENDANTS' COUNSEL'S REPRESENTATION OF DEFENDANTS POSES NO CONFLICT AND DOES NOT WARRANT DISQUALIFICATION ...................................................................3

               A.     THERE IS NO CONFLICT IN DEFENDANTS' COUNSEL'S CONCURRENT REPRESENTATION OF CONCOURSE VILLAGE, AND MEYERS AND HENDRICKS IN THEIR CAPACITIES AS BOARD MEMBERS ..........................................................................4

               B.     PLAINTIFF'S ASSERTION THAT THERE IS A CONFLICT IN REPRESENTING CONCOURSE VILLAGE AND BOWRY IS UNFOUNDED AND SPECULATIVE ...................................7

               C.     PLAINTIFF'S AUTHORITY DOES NOT SUPPORT THE DISQUALIFICATION OF DEFENDANTS' COUNSEL ...........................................8

CONCLUSION .....................................................................................................................8

# TABLE OF AUTHORITIES

*All Star Carts and Vehicles, Inc. v. BFI Canada Income Fund*,
    2010 WL 2243351 (E.D.N.Y. June 1, 2010) ................................................................... 7

*Applehead Pictures LLC v. Perelman*,
    55 A.D.3d 348 (1st Dep't 2008) ................................................................................... 6

*Campbell v. McKeon*,
    75 A.D.3d 479 (1st Dep't 2010) ................................................................................... 6

*George v. City of Buffalo*,
    789 F.Supp.2d 417 (W.D.N.Y. 2011) ....................................................................... 5, 8

*In re Cendent Corporation Securities*,
    124 F. Supp.2d 235 (D.N.J. 2000) ............................................................................... 8

*Kentucky Bar Ass'n v. Hines*,
    399 S.W.3d 750 (Ky. 2013) ......................................................................................... 5

*Keogh Corp. v. Howard, Weil, Labouisse, Friedrichs Inc.*,
    827 F. Supp. 269 (S.D.N.Y. 1993) .............................................................................. 5

*Lieberman v. City of Rochester*,
    681 F. Supp.2d 418 (W.D.N.Y. 2010) ......................................................................... 6

*MacKenzie-Childs LLC v. MacKenzie-Childs*,
    262 F.R.D. 241 (W.D.N.Y. 2009) ................................................................................ 6

*Neogenix Oncology, Inc. v. Gordon*,
    2015 WL 5774171 (E.D.N.Y. Sept. 29, 2015) ............................................................ 4

*NL Indus., Inc. v. Painewebber Inc.*,
    1990 WL 43929 (S.D.N.Y. Apr. 9, 1990) .................................................................. 3, 7

*S.E.C. v. Credit Bancorp, Ltd.*,
    96 F.Supp.2d 357 (S.D.N.Y. 2000) ............................................................................. 6

*U.S. v. Prevezon Holdings Ltd.*,
    839 F.3d 227 (2d Cir. 2016) ........................................................................................ 3

*Vegetable Kingdom, Inc. v. Katzen*,
    653 F. Supp. 917 (N.D.N.Y. 1987) ............................................................................. 3

**STATUTES**

N.Y. Bus. Corp. Law §626 ................................................................................................. 5

**RULES**

22 N.Y.C.R.R. §1200.0 .............................................................................................. 3, 4, 7

## PRELIMINARY STATEMENT

Defendants Concourse Village, Inc. ("Concourse Village"), Letitia Bowry ("Bowry"), and Anthony James ("James," and collectively, "Defendants") submit this memorandum of law in opposition to Plaintiff's motion to disqualify Defendants' counsel.

Plaintiff's motion should be seen for what it is: a transparent attempt to divert attention from Plaintiff's counsel's own violations of their ethical obligations. On March 6, 2017, Defendants moved to disqualify Plaintiff's counsel for engaging in *ex parte* communications with individual members of the Board of Directors (the "Board") of Concourse Village and then affirmatively concealing this information from Defendants' counsel for seven months. In response, and based upon the same facts giving rise to Defendants' motion, Plaintiff now moves to disqualify Defendants' counsel, claiming that Defendants' counsel has a conflict of interest in concurrently representing Concourse Village and the individual Board members with whom Plaintiff's counsel spoke.

For all the reasons set forth in Defendant's motion papers (which Defendants incorporate by reference, as though set forth fully herein), Plaintiff's motion is baseless and should be denied. There can be no serious dispute that Defendants' counsel represents the individual Board members in their representative capacity, and that the Board members have no individual stake in this litigation that would create any sort of conflict. Moreover, even if individual Board members have questions, concerns, or even objections related to the litigation, those Board members have rights and obligations within the parameters of corporate governance, where any such concerns may be raised. The idea that corporate counsel must be disqualified in the absence of unanimous Board action is simply unsupported and unsupportable.

Indeed, this motion highlights why ***Defendants***' motion should be granted. Here, Plaintiff is bringing to bear information concerning Defendants' settlement strategy, litigation statement,

and attorney-client communications, which they clearly had no business eliciting. For all these reasons, as explained further herein, the Court should deny Plaintiff's motion in its entirety.

## STATEMENT OF FACTS

Plaintiff brings this employment discrimination action against his former employer, Concourse Village; Bowry, the President of Concourse Village's Board; and James, his former supervisor. (Dock. 15). At all relevant times, Concourse Village's Board was composed of thirteen directors, including Bowry, Leroy Meyers ("Meyers") and Constance Hendricks ("Hendricks"). (Harman Dec., Ex. B, Bowry 31:7-9; Rivera Dec. ¶¶17, 20). Defendants' counsel represents Concourse Village, Bowry, and James in this action. (Dock. 21).

In June 2016, Plaintiff's counsel engaged in *ex parte* communications with Meyers and Hendricks, outside formal discovery channels and without the consent of Defendants' counsel. (Rivera Dec. ¶¶ 10-11; Gunther Dec. ¶¶4, 6). During these communications, Meyers and Hendricks specifically identified themselves to Plaintiff's counsel as current Board members. (Rivera Dec. ¶¶ 17, 20). Plaintiff's counsel alleges that Meyers and Hendricks indicated to him that they had no contact with Defendants' counsel and that they were not represented by an attorney in this action. (Rivera Dec. ¶¶12-13). Plaintiff's counsel also claims that Meyers and Hendricks told him that Bowry did not share with them information about the litigation. (Rivera Dec. ¶12; Elam Dec. ¶4). Plaintiff's counsel also alleges that Plaintiff informed him in October 2016 that Meyers made a settlement offer directly to Plaintiff. (Rivera Dec. ¶23).

Plaintiff's counsel notified Defendants' counsel of these communications, for the first time, on February 28, 2017. (Gunther Dec. ¶2). On March 6, 2017, Defendants' counsel moved to disqualify Plaintiff's counsel for the violation of their ethical obligations. (Dock. 66). Plaintiff's counsel moved to disqualify Defendants' counsel on March 15, 2017. (Dock. 74).

<u>**ARGUMENT**</u>

## I.  STANDARDS GOVERNING A MOTION TO DISQUALIFY

In evaluating a motion to disqualify, a court "must be solicitous of a client's right to freely choose his counsel," which should be balanced against "the need to maintain the highest standards of the profession." *U.S. v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016). Courts should approach motions to disqualify opposing counsel with "cautious scrutiny," in order to "preserve . . . [a party's] right to be represented by counsel of [its] choice. . . and the awareness that disqualification motions are being made, with increasing frequency, with purely strategic purposes in mind. *Vegetable Kingdom, Inc. v. Katzen*, 653 F. Supp. 917 (N.D.N.Y. 1987). Thus, disqualification is appropriate only where "an attorney's conduct tends to taint the underlying trial." *Prevezon Holdings Ltd.*, 839 F.3d at 241.

The party seeking disqualification bears a "heavy burden of proof in order to prevail." *NL Indus., Inc. v. Painewebber Inc.*, 1990 WL 43929, at *1 (S.D.N.Y. Apr. 9, 1990). As such, "mere speculation will not suffice." *Id*. Under these standards, this Court should deny Plaintiff's motion to disqualify Defendants' counsel.

## II.  DEFENDANTS' COUNSEL'S REPRESENTATION OF DEFENDANTS POSES NO CONFLICT AND DOES NOT WARRANT DISQUALIFICATION

Rule 1.7(a)(1) of the New York Rules of Professional Conduct prohibits a lawyer from representing a client where a reasonable lawyer would conclude that such representation "will involve the lawyer in representing differing interests." 22 N.Y.C.R.R. §1200.0. Plaintiff's counsel twists the meaning of this rule to conclude that it prohibits Defendants' counsel's concurrent representation of Concourse Village and "non-parties" Meyers and Hendricks; and its concurrent representation of Concourse Village and Bowry. For the following reasons, Plaintiff's arguments fail.

**A. There is No Conflict in Defendants' Counsel's Concurrent Representation of Concourse Village, and Meyers and Hendricks in their Capacities as Board Members**

Plaintiff argues that Defendants' counsel's concurrent representation of Concourse Village and "non-parties" Meyers and Hendricks poses a conflict of interest. This argument fundamentally mischaracterizes the nature of corporate representation, as individual members of Concourse Village's Board of Directors clearly fall within the scope of the attorney-client relationship between Concourse Village and Defendants' counsel.

It is well-established that a lawyer for an organization represents that organization and not its constituents, such as its directors, in their individual capacities. *See* 22 N.Y.C.R.R. §1200.0, Rule 1.13(a). However, as an organization can only act through its constituents, "its decisions and communications as a client, as well as for other purposes, must be made by its chosen representatives, typically its Board acting collectively or, in appropriate circumstances, its senior officers." *See Neogenix Oncology, Inc. v. Gordon*, 2015 WL 5774171, at *9 (E.D.N.Y. Sept. 29, 2015); 22 N.Y.C.R.R. §1200.0, Rule 1.13(a), cmt 1. It is axiomatic that when Board members make decisions that affect the corporation, including decisions concerning litigation against that corporation, "they act in their corporate capacities rather than as non-corporate individuals, and indeed, when so acting, they do so in their fiduciary capacities." *See Neogenix Oncology, Inc.*, 2015 WL 5774171, at *9. Thus, it is common sense that while a corporate attorney generally does not represent a corporation's directors in their individual capacities, he represents them in their capacities as constituents of the organization.

Plaintiff's counsel would have this Court believe that an alleged inter-Board dispute about litigation-related decisions on behalf of a corporation could serve as a basis for disqualification of

the corporation's attorney.[1] This proposition is nonsensical. Assuming *arguendo* that Board members did not agree with the direction of this litigation, their recourse is not to seek to disqualify Defendants' counsel, but to avail themselves of internal Board procedures within the structure of their corporate governance. *See Kentucky Bar Ass'n v. Hines*, 399 S.W.3d 750, 769 (Ky. 2013) (stating that if a corporation's directors decide to pursue a particular course in regards to litigation, "and some shareholders nonetheless feel aggrieved, there is a remedy: the shareholder derivative suit."); N.Y. Bus. Corp. Law §626; *Keogh Corp. v. Howard, Weil, Labouisse, Friedrichs Inc.*, 827 F. Supp. 269, 271 (S.D.N.Y. 1993) (noting that, like other decisions made in the normal course of corporate affairs, directors of a corporation are generally responsible for making decisions in regards litigation against the corporation).

There are two main scenarios in which an attorney may face a conflict of interest in his representation of a corporation and its constituents, neither of which apply here. First, there may be a conflict where the corporation's interests and the personal legal interests of the constituent conflict. For example, in one of the cases cited by Plaintiff, the Western District of New York considered whether an attorney for the city could represent the city and a former employee of the city, where the employee of the city was concerned that he would "incriminate" himself and face retaliation from his employer based on his testimony concerning the action. *George v. City of Buffalo*, 789 F.Supp.2d 417, 433-34 (W.D.N.Y. 2011). Even there, however, the court held that this was insufficient to create a conflict of interest warranting the attorney's disqualification, as the potential conflict was too speculative. *Id*. at 435. *See also Lieberman v. City of Rochester,* 681

---

[1] It was also improper and entirely unethical for Plaintiff's counsel to elicit from Meyers and Hendricks clearly privileged information concerning their personal beliefs about litigation management and communications with Defendants' counsel. Their actions are the subject of Defendants' motion to disqualify Plaintiff's counsel.

F. Supp.2d 418, 424 (W.D.N.Y. 2010) (noting that an attorney's representation of an employer and its employee may pose a conflict of interest where the employer argues that the employee was acting outside the scope of his employment). Here, as Meyers and Hendricks have not identified any personal legal interest in this action, and only expressed their views of this action in their capacities as Board members, this scenario does not apply.

Second, there can be a conflict where an attorney develops an individual attorney-client relationship with one of the organization's constituents, and the legal interests of the organization and the constituent conflict. *See Applehead Pictures LLC v. Perelman*, 55 A.D.3d 348, 421 (1st Dep't 2008); *Campbell v. McKeon*, 75 A.D.3d 479, 480-81 (1st Dep't 2010) (examining whether an individual attorney-client relationship formed between a former member of a company and an attorney representing that company). Here, as Plaintiff alleges that Meyers and Hendricks told Plaintiff's counsel that they had no relationship with Defendants' attorneys, this scenario does not apply.

Plaintiff also asserts that Meyers' and Hendricks' alleged hearsay statements that they were not represented by Defendants' counsel are dispositive. They are wrong. *See MacKenzie-Childs LLC v. MacKenzie-Childs*, 262 F.R.D. 241, 253-54 (W.D.N.Y. 2009) (rejecting a party's "reasonable belief" as to whether or not they were represented by counsel in a corporate setting); *S.E.C. v. Credit Bancorp, Ltd.*, 96 F.Supp.2d 357, 359-60 (S.D.N.Y. 2000) (declining to adopt a "reasonable belief" standard of representation). Moreover, even if Defendants' counsel had not spoken to Meyers or Hendricks in the course of their representation of Concourse Village, this is not remarkable. Meyers and Hendricks concededly were not directly involved in the decision to terminate Plaintiff's employment. It thus makes sense that Defendants did not consider them material witnesses in support of their defenses.

Therefore, as it is clear that Defendants' counsel's representation of Concourse Village and Meyers and Hendricks in their capacity as Board members poses no conflict, Plaintiff's claim must be denied.

### B. Plaintiff's Assertion that there is a Conflict in Representing Concourse Village and Bowry is Unfounded and Speculative

In order to demonstrate a conflict of interest requiring disqualification, Plaintiff must show that there is an actual conflict, not just a potential conflict. *See All Star Carts and Vehicles, Inc. v. BFI Canada Income Fund*, 2010 WL 2243351 at *6 (E.D.N.Y. June 1, 2010) (rejecting a potential conflict of interest as speculative); *Painewebber Inc.*, 1990 WL 43929, at *1-3. There is no evidence whatsoever of an actual conflict between Concourse Village and Bowry.

In order to show that Defendants' counsel's representation of Concourse Village and Bowry poses a conflict, Plaintiff would have to prove that Concourse Village and Bowry have differing interests. See 22 N.Y.C.R.R. §1200.0, Rule 1.7(a)(1). Plaintiff does not do so. Instead, Plaintiff proffers the hearsay characterization of improperly-obtained statements regarding how isolated Board members feel about the litigation and the prospects of settlement. Plaintiff does not demonstrate that a majority of the Board shares these views.

As stated above, if Meyers and Hendricks genuinely have concerns about the litigation, they may raise those concerns before the full Board, and if the Board shares those concerns as a group, then the Board may take appropriate action. But Plaintiff has not shown any of that. Plaintiff simply argues that there ***must be*** a conflict because Defendants have chosen not to settle with him. Plaintiff is wrong.

### C. Plaintiff's Authority Does Not Support the Disqualification of Defendants' Counsel

Plaintiff cites two cases in support of disqualification of Defendants' counsel, neither of which is applicable here. As stated *supra*, *George v. City of Buffalo* is distinguishable, as it involved a potential conflict in the representation of an employer and an employee, where the employee's own personal legal interests in the action may have conflicted with those of his employer. 789 F.Supp.2d at 433-34. Even there, the court in *George* held that this potential conflict was too speculative, and did not warrant disqualification. *Id.* at 435.

Nor does *In re Cendent Corporation Securities Litigation* apply to this case. In *Cendent Corporation*, the District Court of New Jersey considered whether an attorney who represented a company could continue to represent that company when he moved to a law firm that represented a former officer of an adversary company. 124 F. Supp.2d 235, 237-38 (D.N.J. 2000). Here, as Defendants' counsel do not seek to represent Meyers or Hendricks in litigation against Concourse Village, this case does not apply.

### CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court deny Plaintiff's motion to disqualify Defendants' counsel in its entirety.

Dated:  March 29, 2017
          New York, New York

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendants*


By:    /s/ Carla B. Gunther
       Arthur J. Robb (AR-9446)
       Stefanie R. Munsky (SM-0724)
       Carla B. Gunther (CG-0827)
       The Empire State Building
       350 Fifth Avenue, 61st Floor
       New York, New York 10118

Telephone:   (212) 687-7410
Facsimile:   (212) 687-3285